## SMITH v. PHELPS.*

---

PATENTS; ORIGINALITY; MASTER AND SERVANT; INTERFERENCE; EVIDENCE.

1. To claim the benefit of his employee's skill and achievement, it is not sufficient that the employer had in mind a desired result, and employed one to devise means for its accomplishment. He must show that he had an idea of the means to accomplish the particular result, which he communicated to his employee in such detail as to enable the latter to embody the same in some practical form. (Following *Robinson* v. *McCormick,* 29 App. D. C. 98.)

2. The burden is on the junior applicant in interference to establish his right to a patent by a preponderance of the evidence.

No. 646. Patent Appeals. Submitted May 13, 1910. Decided May 26, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. George C. Shoemaker* and *Mr. Luther V. Moulton* for the appellant.

*Messrs. Barthel & Barthel, Mr. C. R. Stickney,* and *Mr. T. K. Bryant* for the appellee.

---

*As to rights of employers and employees in respect to inventions, see note to *Barber* v. *National Carbon Co.* 5 L.R.A.(N.S.) 1177.

Mr. Justice Van Orsdel delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding. All of the tribunals of the Patent Office concurred in awarding judgment of priority to appellee, Bessie M. A. Phelps.

The invention in issue relates to spring constructions for use in railway chairs or automobile seats, wherein auxiliary springs are employed to re-enforce the main springs after the latter have reached normal compression under normal load, and to aid them in resisting the effect of sudden shock or of an abnormal application of weight. It is embodied in the following count:

"A spring cushion comprising border frames, marginal and interior upright springs supported in the frames, and spring arms having coils intermediate their ends, supported by the border frames, and having their upper portions arranged intermediate the upper and lower frames of the cushion, and which are adapted to be compressed when the cushion is subjected to unusual weight."

Appellant, Watson R. Smith, filed his application for patent on November 16, 1907, while appellee's application was filed on August 10, 1907.

It appears from the evidence that, prior to the conception of the invention in issue, appellant and one Macey A. Phelps, appellee's husband, were both employed by the Jackson Cushion Spring Company, the former as secretary and manager and the latter as superintendent of the mechanical department. The company was then manufacturing cushions of the same general character under a patent to one Stott, in which the auxiliary springs were of cone shape and were placed within the main springs. It further appears that in February, 1907, Phelps, with the assistance of some workmen, produced in the factory a spring seat embodying the invention in issue. It is claimed by appellant that this cushion was made under his direction and in accordance with his instructions. This is denied by Phelps, who places the responsibility for the invention in his

wife. But even according to appellant's testimony its full weight, we are unable to see wherein it substantiates his claim. Appellant testified on this point as follows: "So I gave Mr. Phelps instructions to proceed to make up a device where the main coil springs would be separate from the auxiliary spring, and where the auxiliary springs could work without conflicting with the main springs, and this construction is what he ' produced." On cross-examination he further testified:

*XQ.* You say you instructed Mr. Phelps to build you a spring cushion in which the auxiliary springs did not conflict with the main spring. Did you give him any definite form by drawing or sketch of what you wanted?

*A.* I did not.

*XQ.* Did you explain to him in any way how you thought it ought to be constructed?

*A.* Only so far as to state to him that the auxiliary spring would have to be spaced outside of the main spring, and be different from the auxiliary spring shown in the Stott's patent.

It is manifest that this evidence fails to prove that appellant had conceived the invention prior to the date of the filing of his application. While he communicated to Phelps the . result desired, he was silent as to the means by which it could be attained. Even with the aid of appellant's alleged disclosure, more than mere mechanical skill was required to produce the subject-matter of this interference. "To claim the benefit of the employee's skill and achievement, it is not sufficient that the employer had in mind a desired result, and employed one to devise means for its accomplishment. He must show that he had an idea of the means to accomplish the particular result, which he communicated to the employee in such detail as to enable the latter to embody the same in some practical form." *Robinson* v. *McCormick,* 29 App. D. C. 98.

Counsel for appellant vigorously attack the testimony offered on behalf of appellee. It will, however, be unnecessary to further consider this case. Appellant is the junior party, and the

burden is upon him to establish his right to a patent by a preponderance of the evidence. This he has failed to do.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings, as by law required.                                              *Affirmed.*

Mr. Justice BARNARD, of the supreme court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the absence of Mr. Chief Justice SHEPARD.